UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TED LEWIS, BH5981,<br>　　　　Plaintiff,<br>　　v.<br>C. HOLLAND, et al.,<br>　　　　Defendant(s). | Case No. 18-cv-07498-CRB (PR)<br><br>**ORDER OF DISMISSAL** |

Plaintiff, a prisoner at San Quentin State Prison (SQSP), has filed a pro se complaint for damages under 42 U.S.C. § 1983 alleging that, while he was at the Lake County Jail, he twice fell and injured himself – first on June 29, 2018, slipping on a wet floor while stepping out of the shower stall, and next on August 21, 2018, tripping over his ankle shackles while exiting a holding cell. Plaintiff also alleges that he was exposed to black mold in the shower stalls.

## DISCUSSION

A. Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B. Legal Claims

Inmates who sue prison officials for injuries suffered while in custody may do so under the Eighth Amendment's Cruel and Unusual Punishment Clause or, if not yet convicted, under the Fourteenth Amendment's Due Process Clause. See Bell v. Wolfish, 441 U.S. 520, 535 (1979); Castro v. Cnty. of Los Angeles, 833 F.3d 1060, 1067-68 (9th Cir. 2016) (en banc). But under both clauses, the inmate must show that the prison official acted with deliberate indifference. Id. at 1068. Negligence will not do. See Famer v. Brennan, 511 U.S. 825, 835-36 & n.4 (1994) (negligence not actionable under § 1983 in prison context); see also County of Sacramento v. Lewis, 523 U.S. 833, 849 (1998) (negligence not actionable under § 1983 outside prison context). A convicted inmate asserting an Eighth Amendment claim must prove that the prison official "knows of and disregards an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837. A pretrial detainee asserting a Fourteenth Amendment claim must prove "more than negligence but less than subjective intent – something akin to reckless disregard." Castro, 833 F.3d at 1071.

Although regrettable, plaintiff's allegations that he slipped and fell stepping out of the shower stall on June 29, 2018 and tripped and fell exiting a holding cell on August 21, 2018 must be dismissed because they amount to no more than two separate claims for negligence not actionable under § 1983. His suggestion that jail officials should have installed "'no slip' abrasive floor covering" outside the shower stalls and assisted him in exiting the holding cell illustrate that his claims sound in classic negligence, not deliberate indifference. Plaintiff's speculation that he was somehow injured by black mold in the shower stalls does not state a claim under § 1983 for deliberate indifference either. Any claim for negligence must be pursued in state court.

## CONCLUSION

For the foregoing reasons, the complaint is DISMISSED under 28 U.S.C. § 1915A(b) for failure to state a claim under § 1983 but without prejudice to seeking relief in state court.

**IT IS SO ORDERED**.

Dated: February 15, 2019

CHARLES R. BREYER
United States District Judge

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TED LEWIS,<br><br>        Plaintiff,<br><br>   v.<br><br>C. HOLLAND, et al.,<br><br>        Defendants. | Case No. 3:18-cv-07498-CRB<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 15, 2019, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Ted Lewis ID: BH5981
San Quentin State Prison
1-A-142L
San Quentin, CA 94974

Dated: February 15, 2019

                                    Susan Y. Soong
                                    Clerk, United States District Court

                                    By: /s/ L. Scott
                                    Lashanda Scott, Deputy Clerk to the
                                    Honorable CHARLES R. BREYER